UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RUSSELL F. STENGER,

           Petitioner,

  vs.

KAREN D. BRUNSON,

           Respondent.

NO.  CV-07-5026-AAM

ORDER DISMISSING PETITION AND
DENYING MOTIONS FOR APPOINTMENT OF
COUNSEL

Petitioner, a prisoner at the Clallam Bay Correction Center, seeks to file *in forma pauperis* a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Because it appears petitioner lacks sufficient funds to prosecute this action, **IT IS ORDERED** the District Court Executive shall file the Petition without payment of the filing fee.

Petitioner is serving a life sentence without parole following his 1988 guilty plea to First Degree Aggravated Murder.  Petitioner challenges his 2005 Walla Walla County jury conviction for custodial assault.  He was sentenced to 16 months incarceration and assessed restitution, fees and costs exceeding $2,000.00.

Petitioner filed a direct appeal, asserting the judge had exceeded his authority in sentencing.  The Washington State Supreme

ORDER DISMISSING PETITION AND DENYING MOTIONS FOR APPOINTMENT OF
COUNSEL -- 1

Court denied review on May 2, 2007.  As his sole ground for federal habeas relief, petitioner asserts the sentencing judge exceeded his authority by imposing monetary punishments.  He asks this court to impose the proper sentence.

Petitioner contends his 1988 Clark County conviction for First Degree Aggravated Murder was invalidated by *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). He claims this allegedly invalid conviction was improperly used by the sentencing court to enhance the monetary penalties of his 2005 Walla Walla County sentence.

It does not appear from the documents presented that Mr. Stenger has exhausted an *Apprendi/Blakely* claim in the state court as required by *Rose v. Lundy*, 455 U.S. 509, 519 (1982), or that a challenge to his 1988 conviction would be timely under 28 U.S.C. § 2244(d).  Even if he did properly exhaust his claims and timely file his habeas petition, *Apprendi* and *Blakely* do not apply retroactively to cases on collateral review. *See Rees v. Hill*, 286 F.3d 1103, 1104 (9th Cir. 2004)(*Apprendi* not retroactive); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005)(*Blakely* not retroactive); see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").  Therefore, petitioner's challenge to his prior conviction on *Apprendi/Blakely* grounds is without merit.

Furthermore, subject matter jurisdiction over habeas petitions is established in part by 28 U.S.C. § 2241, which provides: "(c) The writ

ORDER DISMISSING PETITION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL -- 2

of habeas corpus shall not extend to a prisoner unless ... (3) He is *in custody* in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. § 2241(c)(emphasis added). Petitioner's challenge to the imposition of criminal fines is not cognizable on federal habeas review because he does not seek release from custody as a remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973); 28 U.S.C. § 2254(a) (stating that petition for writ of habeas corpus under 28 U.S.C. § 2254 may be made "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Accordingly, **IT IS ORDERED** the petition is **DISMISSED with prejudice** under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, as petitioner is not entitled to the habeas relief he seeks in this court. **IT IS FURTHER ORDERED** the pending Motions for Appointment of Counsel (Ct. Recs. 4 and 8) are **DENIED as moot.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to petitioner and close the file.

**DATED** this____23rd_____day of July 2007.


            S/ Alan A. McDonald
                    ALAN A. McDONALD
            SENIOR UNITED STATES DISTRICT JUDGE


ORDER DISMISSING PETITION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL -- 3